The State *v.* Seamons.

## THE STATE *v.* SEAMONS.

An indictment is good, though the year is expressed in it by numeral figures.

Statutes of Great Britain not in force in Iowa.

If the nature of an assault, charged in an indictment, is set forth substantially in the language of the statute, it is sufficient.

Where the indictment alleged the assault to have been committed with a "deadly weapon" in the language of the statute, it was held to be a sufficient description of the instrument used.

It is sufficient, if an indictment states in substance all the facts which constitute the offence under the statute, sufficiently clear and specific, so that the accused cannot be mistaken in its nature, and would be enabled to plead an acquittal or conviction upon it in bar of another prosecution for the same offence.

ERROR, *to Wapello District Court.*

*Henry B. Hendershot,* prosecuting attorney, for the state. 1st. Figures at common law do not vitiate an indictment, and as we have no statute on the subject, of course the common law rule must govern, 1 Chit. Cr. L. 175 and note ; *Rev. Stat.* p. 541, § 8.

2d. If the language of the statute is employed, the indictment is sufficient, 8 Mass. 64–8 ; 2 Scam. 338 ; 3 ib.

The State *v.* Seamons.

474; 9 Ohio, 135; 11 ib. 70; *Rev. Stat.* p. 153, §46; ib. p. 169, §20; 3 Blkf. 308.

3d. If the offence is defined in such language as will enable the defendant to plead a former acquittal or conviction, it is sufficient, 2 Scam. 235; Morris, 233.

*W. H. Brumfield* and *Geo. May*, for the defendant. Words, not figures, must be used in stating time of commission of offence, 6 Blackf. 533. As to the necessity of describing the manner in which an assault is committed and the intention, see Breese, 199; *Curtis* v. *The People*, 1 Scam. 285–288, and authorities there cited; 1 Chit. Cr. L. 187, 188-190.

*Opinion by* GREENE, J. Indictment with intent to inflict a bodily injury. The first count, so far as applicable to the present inquiry, charges "that Albert H. Seamons, of, &c., on the seventh day of November, A. D., 1347, with force and arms, at, &c., did unlawfully, wilfully, and feloniously, make an assault upon Henderson Boggs with a deadly weapon, with an intent then and there to inflict upon, &c., a bodily injury, without any considerable provocation appearing, against the peace," &c. The second count contains all the material averments of the first, with the additional charge that the assault was made "with a large rock of the weight of two pounds, the same being a deadly instrument, with an intent," &c.; when the circumstances of the assault evinced "an abandoned and malignant heart," &c.

A demurrer having been filed, it was sustained by the court, and the indictment quashed.

The appeal is now made to us, was not this an erroneous decision?

There were three causes of demurrer urged,

1. The year when the offence is alleged to have been committed, is expressed in figures, and not in words. In a very few instances, courts have been so tenaciously formal, as to decide that words, not figures, must be used in designating

numbers, or in alleging the date of the offence in an indict-
ment. *Finch* v. *The State*, 6 Blackf. 533.

We think it must be difficult for the most acute discrimi-
nator, to reveal any good reason for a rule so stringent.
With all the safeguards and formal precision which motives
of mercy and justice to the accused have incorporated into
the common law, numeral figures with the prefix A. D., have
been recognized as a sufficient expression of the year in an
indictment. *State* v. *Hodgeden*, 3 Verm. 481; 1 Chitty Cr.
L. 175, and note. Though true by statute of George II.,
figures and abbreviations were superseded, and English
words in detail required; but that statute not having been
enacted in Iowa, is not in force. To remove the possibility
of a doubt on this point, our legislature enacted that none
of the statutes of Great Britain shall be considered as law
in Iowa. R. S. p. 541, § 8.

As words are usually more reliable and certain than mere
figures, it is no doubt a more reliable practice to represent
amounts and dates by writing them out in full; especially
when time or the amount constitutes an essential ingredient
of the offence; but we are clearly of the opinion that if
figures are used, they do not vitiate the indictment.

2. The nature or character of the assault is not sufficiently
alleged. If this should be regarded as a proceeding at com-
mon law, and if we should upon that rest the sufficiency of
the indictment, this objection would hold good, for there is a
want of detail and certainty as to the facts and circumstan-
ces of the offence, which could not be overlooked in a com-
mon law indictment. But this is a statutory proceeding, in
which the indictment follows with substantial accuracy, the
language of the act upon which it is framed. When an in-
dictment is thus drawn, employing the very words of the
law which defines the offence, its sufficiency cannot well be
questioned. The cases cited by the prosecuting attorney,
and indeed the prevailing tone of all authorities upon this
question, recognize the correctness of the rule.

3. The third objection urged to the indictment, is virtu-

ally disposed of by the test which we have applied to the second. The want of a sufficient description of the instrument or weapon used or of the manner in which it was used, is obviated by the fact that the description is in the language of the law defining the crime. R. S. p. 169, § 20. No particular description of the instrument used in the assault, becomes necessary under this section of the statute. If designated as a "deadly weapon" or instrument, it is sufficient. But in the second count of the indictment in this case, a more particular description of the instrument used is given, though not in very accurate or technical language. A stone weighing two pounds cannot properly be styled a "*rock;*" but still the instrument is so described that it cannot well be mistaken, and even in greater detail than is required by the letter of the statute. The manner in which the stone was used is represented in the language of the act, and is therefore sufficiently described. In a word, the indictment states, at least in substance, all the facts which constitute the offence under the enactment referred to, and clearly discloses an indictable offence, sufficiently specific to advise the accused of its nature, and to enable him to plead a conviction or acquittal upon it, in bar of another prosecution for the same offence. This is all that should be required by any court.

Judgment reversed.